UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

K. TAUSIF KAMAL and SAMUEL EDISON,
Individually and on behalf of others
similarly situated,

        Plaintiffs,

v.           **MEMORANDUM OF LAW & ORDER**
        Civil No. 21-cv-01549 (MJD/DTS)

BAKER TILLY US, LLP,

        Defendant.

Daniel Centner, Grace Arden Hancock, and Joseph C. Peiffer, Peiffer Wolf Carr Kane Conway & Wise, LLP, and Garrett D. Blanchfield, Jr., and Brant D. Penney, Reinhardt Wendorf & Blanchfield, Counsel for Plaintiffs.

J. Gregory Deis, Sara Norval, and Stanley J. Parzen, Mayer Brown LLP, and Jaime Stilson and Michael E. Rowe, Dorsey & Whitney LLP, Counsel for Defendant Baker Tilly US, LLP.

## I. INTRODUCTION

This matter is before the Court on Defendant Baker Tilly US, LLP's Motion for Judgment on the Pleadings. (Doc. 131.) For the following reasons, the motion is granted.

1

## II. BACKGROUND

The facts of this case have been documented in the Court's previous order on Deloitte LLP's Motion to Dismiss the Amended Complaint and Baker Tilly's Motion to Dismiss and in Magistrate Judge Docherty's Report and Recommendation to Dismiss Class Allegations adopted by the Court. (Docs. 80, 129, 142.) This dispute centers on the interaction of the Federal Rules of Civil Procedure, Minnesota statutes, and facts relevant to the Scheduling Order, rather than facts previously discussed by the Court.

### A. The Parties

Plaintiffs K. Tausif Kamal and Samuel Edison ("Plaintiffs") were among approximately 800 Noteholders who purchased or renewed Aspirity Holdings ("Aspirity") Notes between July 1, 2015, and April 28, 2017. (Am. Compl. ¶¶ 8-9, 184-86.) When Aspirity could not repay the Noteholder debt and entered bankruptcy in June 2017, Plaintiffs and other Noteholders lost money on their investments. (Id. ¶¶ 173-75.) Defendant served as the outside auditor for Twin Cities Power and its successor, Aspirity, from at least 2015 until April 15, 2016. (Id. ¶ 11.)

B.   **The Relevant Allegation**

The allegation remaining against Defendant is Accountant Negligence based on its filing of a 2015 10K.  (Id. ¶¶ 29, 39, 53-55, 66-69, 77-79.)  Plaintiffs assert that Defendant had substantial involvement in the preparation of Aspirity's quarterly reports and sometimes even provided specific language to include in the reports that were disseminated to investors.  (Id. ¶ 80.)  Plaintiffs assert that Defendant knew of "warning indicators" regarding Aspirity's financial situation and failed to include cautionary language identifying "material weaknesses" in the company's presentation of its financials, and instead issued positive 2015 quarterly 10K reports upon which shareholders relied.  (Id. ¶¶ 82-91.)

C.   **The Need for Expert Testimony**

The Parties agree that expert testimony is required in this case.  (Doc. 89 (R. 26(f) Rpt.) at 6 ("Plaintiffs anticipate calling three experts in the fields of auditing/accounting standards, marketing/pricing of debt instruments, and forensic accounting, respectively. . . . Defendant anticipates utilizing an auditing expert, an accounting/disclosure expert, and a causation expert.  Defendant may utilize a forensic expert if such testimony is appropriate in this case.").)  The

Parties proposed, and the Court adopted as its Scheduling Order, the following dates related to expert discovery:

> **EXPERT DISCOVERY**
>
> 1. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:
>
>> Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **August 11, 2023**.
>>
>> Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **October 28, 2023**.
>
> 2. All expert discovery, including expert depositions, must be completed by **March 8, 2024**.

(Doc. 93 at 2 (emphasis in original).)

## III.   DISCUSSION

### A.   Judgment on the Pleadings Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 12(h)(2)(B) provides that a party may assert the defense of "failure to state a claim upon which relief can be granted" in a motion for judgment on the pleadings. In analyzing such motions, courts use the same standard they use to analyze motions to dismiss for failure to state a claim

4

brought under Federal Rule of Civil Procedure 12(b)(6). Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009).

That is, judgment on the pleadings is granted "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (citation omitted). The Court must view the facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. Id. Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The Court may, however, disregard "legal conclusions couched as factual allegations." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings, but may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). In this

case, exhibits submitted in conjunction with the instant motion by both Parties are embraced by the pleadings.

### B.     The Expert Disclosure Affidavit

When a plaintiff alleges negligence or malpractice against a professional for providing a professional service and intends to establish its case using expert testimony, Minnesota law requires the plaintiff to submit two separate affidavits in support of the claim.  These affidavits are referred to as the Expert Review Affidavit and the Expert Disclosure Affidavit.  Minn. Stat. § 544.42(2).

The Expert Review Affidavit, prepared by the plaintiff's attorney, must state that the attorney has reviewed the case's facts with an expert whose qualifications reasonably support the admissibility of the expert's opinions at trial.  Additionally, it must state that, according to the expert's opinion, the defendant deviated from the applicable standard of care and caused harm to the plaintiff.  Id. at (3)(a)(1).  The Expert Review Affidavit must be served to the opposing party along with the Summons and Complaint, which are the legal documents initiating the lawsuit.  Id. at (2)(1).

On the other hand, the Expert Disclosure Affidavit, signed by the plaintiff's attorney, must identify each person expected to testify as an expert

witness at trial regarding negligence, malpractice, or causation. Id. at (4). It must also provide a summary of the relevant facts and opinions that the expert is expected to testify about, along with a brief explanation of the grounds for each opinion. Id. The Expert Disclosure Affidavit must be served on the opposing party within 180 days after the discovery process begins. Id. at (2)(2). Section 544.42 allows the parties to alter the 180-day deadline by agreement. Id. at (4)(b). A district court, for good cause shown, may also extend the deadline. Id. "Failure to comply with subdivision 4 results, upon motion, in mandatory dismissal of each action with prejudice as to which expert testimony is necessary to establish a prima facie case . . . ." Id. at (6)(c).

Defendant argues that Plaintiffs' Expert Disclosure Affidavit was due on January 9, 2023. Since an affidavit was never produced, Defendant moves for judgment on the pleadings on Plaintiffs' Accountant Negligence claim, arguing that the claim should be dismissed because Plaintiffs failed to serve the Expert Disclosure Affidavit in compliance with § 544.42(2)(2). Plaintiffs do not dispute the fact that an Expert Disclosure Affidavit was never produced. Rather, Plaintiffs argue (1) that the Rule 26(f) Report and Scheduling Order altered the § 544.42 requirements and (2) that they should be excused from such

requirement because Defendant never requested the affidavit prior to the 180-day deadline.

### 1. Whether the Rule 26(f) Report and Scheduling Order Altered the § 544.42 Requirements

Plaintiffs argue that there is a difference between a "negotiated detailed discovery plan" and "routine" scheduling order. (Doc. 141 at 11.) In other words, Plaintiffs assert that the deadline was altered through extensive negotiations over the Rule 26(f) Report and Scheduling Order that explicitly discussed the types of expert witnesses each party anticipated calling at trial, and critically, fixed deadlines for furnishing those experts' identities and opinions. (Doc. 141 at 2-3 (citing Doc. 96 (Tr. of Aug. 9, 2022 Pretrial Sched. Conf.) at 14.).)

Plaintiffs' argument is unavailing. While it may be true that the Parties negotiated over the discovery deadlines, the Parties' negotiations only addressed the Parties' obligations under the Federal Rules of Civil Procedure—not the requirements for the Expert Disclosure Affidavit. See House v. Kelbel, 105 F. Supp. 2d 1045, 1046, 1050 (D. Minn. 2000) (adopting report and recommendation that concluded that § 544.42 deadlines were not altered when the parties did not explicitly agree to waive or modify the requirements of the Expert Disclosure

Affidavit). Additionally, the 26(f) Report and the Scheduling Order disclosure requirements are different from the Expert Disclosure Affidavit under § 544.42.

For example, the discovery plan does not include a new deadline for an attorney 180-day affidavit disclosing the following information:

> . . . . [an] **affidavit signed by the party's attorney** [that] state[s] the **identity of each person whom the attorney expects to call as an expert witness at trial** to testify with respect to the issues of negligence, malpractice, or causation, **the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.**

Minn. Stat. § 544.42(4)(a) (emphasis added). The discovery plan as laid out by the Rule 26(f) Report and the Scheduling Order only included deadlines for disclosure of complete discovery **reports and depositions**. The difference in the requirements can be identified when comparing the plain language between the statute and the discovery plan. The affidavit under § 544.42 must be signed by an attorney stating the identity of an expected witness and the substance of the facts and opinions upon which the witness is expected to testify, which is not the same as disclosing experts' complete reports to the opposing party under the discovery plan.

Moreover, Plaintiffs conceded that the negotiations did not consider any of the deadlines contemplated by § 544.42. Plaintiffs had the opportunity to

9

negotiate the scheduling order and did not mention a desire to change the statutory requirements of § 544.42. This indicates Plaintiffs did not intend to do so. Thus, the Court concludes that the Rule 26(f) Report and Scheduling Order did not alter the 180-day deadline to serve the Expert Disclosure Affidavit.

        2.    **Whether Defendant was Obligated to Inform Plaintiffs of the Affidavit Requirements**

Plaintiffs also argue that Defendant "set its trap" and merely "lay in wait" in an attempt "to gain an unfair advantage instead of defending Plaintiffs' claim on the merits" and this is "litigation by ambush." (Doc. 141 at 4-5.) Because Defendant did not mention this during the Parties' Rule 26(f) Scheduling Order meetings, Plaintiffs contend that they should be excused from the Expert Disclosure Affidavit requirement. (Id. at 6.)

An attorney's duty of care is to the attorney's own client and explaining the requirements of state law to opposing counsel is inconsistent with that duty. United States v. $19,020.00 in U.S. Currency, 2005 WL 3464979, at *2 (D. Minn. Dec. 19, 2005); Fredin v. Miller, No. 19-CV-3051 (SRN/HB), 2020 WL 3077708, at *11 (D. Minn. June 10, 2020) (explaining that "[t]he adversarial nature of a lawsuit precludes an attorney from owing concurrent duties of care to his or her

client and the client's opponent") (quotation omitted), aff'd, 840 F. App'x 61 (8th Cir. 2021)).

Defendant had no obligation to mention the Expert Disclosure Affidavit requirement to Plaintiffs. Plaintiffs filed this professional negligence lawsuit, stating that Minnesota law applies and argued motions in the case relying on Minnesota law. (e.g., Docs. 71, 72.) Plaintiffs understand that Minnesota law controls this case. As such, it was Plaintiffs' responsibility to ensure that the requirements of § 544.42 were met. Therefore, the Court concludes that Plaintiffs are not excused from providing the Expert Disclosure Affidavit.

### 3. Consequence for Failing to File the Expert Disclosure Affidavit

To avoid dismissal, Plaintiffs argue that the Court must also "carefully evaluate the degree of prejudice to the defendant caused by the inadequate disclosures" before deciding whether to grant a procedural dismissal. (Doc. 141 at 6 (quoting Sorenson v. St. Paul Ramsey Med. Ctr., 457 N.W.2d 188, 193 (Minn. 1990)).) The Court concludes that weighing prejudice is unnecessary because Sorenson addressed Minn. Stat. § 145.682 and an inadequately produced affidavit. 457 N.W.2d at 193; see also House, 105 F. Supp. 2d at 1051

11

(distinguishing between the two statutes).  Whereas here, no Expert Disclosure Affidavit was ever provided.

Additionally, the Parties agree that expert testimony is required to support Plaintiffs' Accountant Negligence claim in this case.  Section 544.42(6)(c), therefore, requires "mandatory dismissal" of Plaintiffs' Accountant Negligence claim "with prejudice."  Thus, no material issue of fact remains to be resolved and Defendant is entitled to judgment as a matter of law.  Accordingly, Defendant's Motion for Judgment on the Pleadings is granted, and Plaintiffs' Accountant Negligence claim is dismissed with prejudice.

IV.  **ORDER**

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Baker Tilly US, LLP's Motion for Judgment on the Pleadings **[Doc. 131]** is **GRANTED**;

2. **Plaintiffs' Count 1** is **DISMISSED with prejudice;** and

3. **The Amended Complaint [Doc. 55]** is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  March 27, 2024         s/Michael J. Davis
                               Michael J. Davis
                               United States District Court